(54 Misc. Rep. 184)

### In re GUARDIANSHIP OF TULLY INFANTS.

(Surrogate's Court, Kings County. April, 1907.)

1. GUARDIAN AND WARD—RIGHTS OF FATHER.

The natural right of a father to act as guardian for his children will be set aside only where he is not a fit person and the interests of the infants require another appointed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, § 25.]

2. SAME—EVIDENCE.

On an application of an infant over 14 years for the appointment of a maternal aunt as guardian of her person and property and for the appointment of a maternal uncle as guardian of two other children under 14 years, evidence considered, and trust company appointed guardian of their property and the father guardian of their persons.

In the matter of the application of the Tully infants for the appointment of a guardian. Decree entered.

Pearsall, Kapper & Pearsall, for Alice Tully and Alice O'Hara.
James P. Judge, for Michael J. Tully.

CHURCH, S. This is an application by Alice Tully, an infant over 14 years of age, for the appointment of a guardian of her person and property, and also an application on behalf of her sisters, Angelina and Margaret Tully, infants under 14 years of age, for the appointment of guardians of their persons and property. The infant Alice, who is over 14 years of age, nominates as her guardian a maternal aunt; and it is suggested that the surrogate nominate the maternal uncle of the infants under 14 to act as guardian of their persons and the Hamilton Trust Company as guardian of their property. The mother of the infants is dead; but the father, who is living, opposes this application.

At the time of the hearing, I indicated it as my opinion that, in the case of the infant over 14, the function of the court was limited to the approval or disapproval of the choice of the infant, and that I had no power to make a nomination. Counsel for the father, however, has called my attention to the decision in Ledwith v. Ledwith, 1 Dem. Sur. 154, in which, in passing upon the sections of the Code relative to guardianship, the court holds that, where an infant has a parent living, it does not have arbitrary power to nominate a person other than its parent to

act as guardian of its person, and it is only where the parent is not a responsible person that the court will appoint some stranger who may be nominated by the infant.   In this connection it may be said that, while the court has a liberal discretion in determining who should be appointed a guardian of an infant, it should, nevertheless, respect the natural claim of a father to act as guardian of his own child, only refusing to recognize such right where the father is not a fit person and where the interests of the infant require the appointment of some one else.

In this case the most that is shown in opposition to the father's claim to appointment is that there were, on some occasions, quarrels between the parents of these infants; and it is also declared that he has been once or twice seen in an intoxicated condition.   It appears that the father lived but a short distance from the maternal grandparents of these infants, and that the grandparents were very fond of the children and contributed largely to their support.   It is not shown, however, that the father neglected to support them.   On the contrary, the testimony of the infant Alice shows that, whenever it was apparent that the children needed anything, he saw that they received it.   He gave them spending money, placed the oldest child in a private school, and paid for her tuition for a considerable period in advance.   On the other hand, it appears that for a number of years the father has been in the employ of the city, and has done steady and consistent work, which has, apparently, met with the full approval of his superiors.   While the income derived from his labor is not so great as that of the grandparents of these infants, yet this cannot be said to be a reason for depriving him of his children.   They are his children, and he is entitled to bring them up according to his means and his ability to do so, and he is not to be deprived of this privilege unless he is shown to be an unstable person and unmindful of his parental duty; but in none of the authorities or text-books that I have read has the fact that his financial ability was not so great as that of some other persons who would be willing to take the infants been regarded as a sufficient ground to compel him to part with his children.

The same reasons which induce me to nominate the father to act as the guardian of the person of the child over 14 are sufficient to warrant me in nominating him as guardian of the children under 14.   As to the guardian of the property of the infants, I think the suggestion that the Hamilton Trust Company be appointed a wise one.   Let decree be entered accordingly.

Decreed accordingly.